# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR10-3048-MWB |
| vs. | |
| CYNTHIA JOLENE KOONS, | **ORDER REGARDING DEFENDANT'S *PRO SE* MOTION TO REDUCE SENTENCE** |
| Defendant. | |

## I.   INTRODUCTION AND BACKGROUND

This case is before me on defendant Cynthia Jolene Koons's *pro se* Motion Under 18 U.S.C. 3582 Seeking Sentence Reduction For Mitigating Role Adjustment Pursuant to 3B1.2 Amendment 794 (docket no. 57).

On November 11, 2011, an Indictment was returned against Koons, charging her with conspiracy to distribute 500 grams or more of pure methamphetamine, having previously been convicted of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846, and 851.  Subsequently, at Koons's sentencing on June 21, 2011, I calculated Koons's total base offense level as 31 and computed her criminal history category to be a category III.  Thus, Koons's advisory guidelines sentencing range was 135 to 168 months' imprisonment.  However, Koons was subject to a minimum mandatory sentence of 20 years.  I sentenced Koons to the mandatory minimum 20-year sentence. Koons did not appeal her sentence or conviction.  Judgment was entered on June 22, 2011.

## II. LEGAL ANALYSIS

Koons seeks a sentence reduction for a mitigating role adjustment pursuant to §3B1.2 of the United States Sentencing Guidelines. Her argument is centered on the Sentencing Commission's Amendment 794, to the commentary of §3B1.2, which became effective on November 1, 2015, after Koons was sentenced. *See* SENTENCING GUIDELINES FOR UNITED STATES COURTS, 80 Fed. Reg. 25,782, 25,782 (May 5, 2015) (stating that on April 30, 2015, the Sentencing Commission proposed amendments to § 3B1.2 to become effective November 1, 2015). Koons asserts that Amendment 794 is retroactive because it announced a new substantive rule of law.

Section 3B1.2 instructs sentencing courts to decrease a defendant's offense level by four levels "[i]f the defendant was a minimal participant in any criminal activity," two levels "[i]f the defendant was a minor participant in any criminal activity," and three levels if the defendant's level of participation fell between minimal and minor. *See* U.S.S.G. § 3B1.2. The commentary to § 3B1.2 provides that a mitigating role adjustment is available to any defendant "who plays a part in committing the offense that makes him substantially less culpable than the average participant." *See id*. § 3B1.2 cmt. n. 3(A). Amendment 794 "left the text of § 3B1.2 unchanged." *United States v. Gomez,* --- F.3d ---, 2016 WL 3615688, at * 3 (5th Cir. July 5, 2016); s*ee United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016); *United States v. Casas*, 632 Fed. App'x 1003, 1004 (11th Cir. 2015). The amendment modified § 3B1.2's application notes by introducing a list of non-exhaustive factors that a sentencing court should consider in determining whether to apply a mitigating role adjustment. *See Quintero-Leyva*, 823 F.3d at 523.

Generally, a court is required to use the guidelines manual in effect on the date a defendant is sentenced. *See Dorsey v. United States*, 132 S. Ct. 2321, 2332 (2012); U.S.S.G. § 1B1.11(a) (requiring use of "the Guidelines Manual in effect on the date that the defendant is sentenced"). Amendment 794 was issued on November 1, 2015. *See Quintero-Leyva*, 823 F.3d at 521. This occurred over four years after Koons's sentencing.

2

Koons argues that she should be given retroactive benefit of this amendment. The U.S. Sentencing Commission, however, did not make Amendment 794 retroactive to all cases. *See* U.S.S.G. § 1B1.10(d). Koons's claim fails because Amendment 794 is not retroactive for purposes of a § 3582 motion. Amendment 794 was a "clarify amendment". *Quintero-Leyva*, 823 F.3d at 523; *see United States v. Gasas*, 632 Fed. App'x. 1003 1004 (11th Cir. 2015) (holding that Amendment 794 simply "clarified the factors to consider for a minor-role adjustment."). As a clarifying amendment, it made no substantive change in the law. *Burke v. United States*, 152 F.3d 1329, 1332 (11th Cir. 1998). Thus, such an amendment does not apply retroactively in a motion for reduction of a sentence under § 3582. *United States v. Stokes*, 300 Fed. App'x 507, 508 (9th Cir. 2008). Accordingly, Koons's *pro se* Motion Under 18 U.S.C. 3582 Seeking Sentence Reduction For Mitigating Role Adjustment Pursuant to 3B1.2 Amendment 794 (docket no. 115) is denied.

**IT IS SO ORDERED**.

**DATED** this 3rd day of November, 2016.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA